Earnest O. Hugg v. Commissioner.
Hugg v. Commissioner
Docket No. 17761.
United States Tax Court
1950 Tax Ct. Memo LEXIS 47; 9 T.C.M. (CCH) 1017; T.C.M. (RIA) 50273; November 9, 1950
*47 Petitioner, in the business of selling used cars, in making his return for 1945, took deduction of certain amounts representing his estimate of expenses incurred by him in carrying on his business. He maintained no record of his expenditures. Upon the record, the amount allowable as representing these business expenses is found by application of the rule announced in Cohan v. Commissioner, 39 Fed. (2d) 540
Wiley O. Bullock, Esq., 1101 Columbia Mutual Tower, Memphis, Tenn., for the petitioner. Frank M. Thompson, Jr., Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency in income tax for the calendar year 1945 in the amount of $2,981.09. This deficiency arises by reason of respondent's disallowance of deductions taken by the petitioner as allowable expenses paid in carrying on business. Findings of Fact Petitioner is a resident of Memphis, Tennessee, and during the calendar year 1945 was engaged in the business of selling used automobiles. His return for that year was filed with the collector of internal sevenue for the district of Tennessee. During the calendar year *48 1945 petitioner carried on business under an arrangement with one Jackson, the owner of the Memphis Motor Sales Company. Jackson furnished the funds for the purchase of secondhand cars, and these were sold by the petitioner. The profits from the sales were shared equally by Jackson and petitioner, as were the expenses incident to repairing the cars prior to their delivery to purchasers. During approximately the first half of the year 1945 petitioner had associated with him one Shaw. Under his arrangement with Shaw, the latter was entitled to 50 per cent of the profits received by petitioner under his arrangement with Jackson. Certain of the cars sold by petitioner were guaranteed, and in cases where these needed repairs after sale and delivery to customers, the repairs being for defects against which petitioner had guaranteed such cars, 50 per cent of the cost of such repairs was borne by petitioner. Petitioner received from Jackson during 1945, as his 50 per cent share of profits from the sale of used cars, the sum of $12,992.92. This amount he reported as gross income. Petitioner, on his return, deducted, in arriving at net income, $5,129 as commissions paid to salesmen, $3,320.60 *49 as repairs to cars sold and $734 as auto expense on a car used in his business, reporting a net taxable income of $3,809.32. Of the gross income of $12,992.92 received and reported by petitioner for 1945, the sum of $3,200 was paid to Shaw as representing his 50 per cent of profits during the portion of the year that he was associated with petitioner. In this year petitioner also paid commissions of not less than $800 each, or a total of $1,600, to two salesmen employed by him, and not less than $1,660.30 for repairs to cars he sold, including parts and labor. Opinion The only item reported by petitioner which is subject to accurate verification is his gross income of $12,992.92. This is shown by the books of the Memphis Motor Sales Company. He kept absolutely no record of his expenditures. If he maintained a bank account, none of his payments were made by check, and he did not even retain a copy of the invoices on purchases of parts for repairs. Although receiving a comparatively large income, he relies upon his memory alone for the amount of his expenditures. This memory is quite vague and he does not attempt to give exact figures, all being general estimates as to what his *50 various expenditures were. On the very insufficient record, we have found the amount of $3,200 to have been paid by him to Shaw, since this is approximately one half of the profits paid to petitioner by Jackson during the period of the year in which Shaw was associated with him on a fifty-fifty basis. We have also found on the record amounts of not less than $800 each paid to two car salesmen. Affidavits by these men were, by agreement, received in evidence. Neither man attempted to give exact figures. One man estimated that he had been paid not less than $800, and the other that he had been paid not less than $900. Petitioner's testimony was that they had received equal amounts. As to the item of $3,320.60, representing cost of parts and labor in connection with repairs, the petitioner presented, in addition to his vague recollection, only the testimony of an individual selling auto parts, who testified that he had made a number of sales to petitioner during that year but had no idea what the total amount might be. Petitioner testified that "about $800" of the total amount expended by him for parts and labor was paid to his son for work as a mechanic. The son did not testify. *51 We have made what we consider a very generous application of the rule in , and have found expenditures for parts and labor in repairs by petitioner in the sum of $1,660.30. The item $734of deducted by petitioner as auto expense is wholly unverified, and we sustain the respondent in disallowing it. If petitioner has in fact sustained business expenses exceeding those here found and allowed, he is not entitled to complain. His failure to maintain any records whatsoever of expenditures made is inexcusable and has made it impossible to ascertain the expenditures with reasonable accuracy. Decision will be entered under Rule 50.